IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KLAUSSNER FURNITURE INDUSTRIES, INC.,)
and KLAUSSNER FURNITURE OF )
CALIFORNIA, INC. )
                                )
            Plaintiffs, )
                                )
         v. )           1:04CV00983
                                )
THE CINCINNATI INSURANCE COMPANY )
                                )
         Defendant. )
_____ )

MEMORANDUM ORDER

Tilley, Chief Judge

       This case arises out of a dispute between plaintiffs, Klaussner Furniture

Industries, Inc. and Klaussner Furniture of California, Inc.[1] (collectively

"Klaussner"), and defendant, The Cincinnati Insurance Company ("Cincinnati"),

over an insurance policy that Klaussner purchased from Cincinnati. It is now

before the Court on defendant Cincinnati's Motion to Dismiss [Doc. # 6]. For the

reasons set forth below, Cincinnati's Motion to Dismiss is DENIED.

I.

       On November 21, 2003, Leslie R. Perdue, a former employee of Klaussner

Furniture of California, Inc., filed suit in San Bernardino County, California against

---

[1] Klaussner Furniture Industries, Inc. is a North Carolina corporation with its
principal place of business in Asheboro, North Carolina. Klaussner Furniture of
California, Inc. is a wholly owned subsidiary of Klaussner Furniture Industries, Inc.

Klaussner, alleging that she had been terminated in violation of California public policy and seeking both compensatory and punitive damages. (Compl., Ex. 2.) Klaussner is insured under a Blue Chip Policy (the "Policy") issued by Cincinnati. (Compl., Ex. 1.) Klaussner contends that Cincinnati is obligated to indemnify it in the event a judgment is awarded to Ms. Perdue or a settlement agreement is reached in her case under the terms of this Policy. However, Cincinnati has refused to indemnify Klaussner, asserting that Ms. Perdue's claim cannot be insured under California law.[2] (Compl., Ex. 4.) Klaussner therefore filed the present case on October 27, 2004, seeking a declaratory judgment as to whether Cincinnati is obligated under the Policy to indemnify Klaussner in Ms. Perdue's lawsuit.

Cincinnati filed a Motion to Dismiss [Doc. # 6] on November 22, 2004 pursuant to Fed. R. Civ. P. 12(b)(7). Cincinnati contends that this case should be dismissed because Ms. Perdue is a necessary and indispensable party to this case under Fed. R. Civ. P. 19, but she cannot be made a party because (1) the Court does not have personal jurisdiction over her and (2) her joinder would defeat diversity. Cincinnati argues that Ms. Perdue is a necessary and indispensable party because she claims an interest relating to the subject matter of this action and this interest could be adversely affected in her absence. In addition, Cincinnati argues

---

[2] Cincinnati also asserted that it is prohibited from indemnifying Klaussner for punitive damages under California law. (Compl., Ex. 4.)

that it will be subject to a substantial risk of inconsistent obligations if Ms. Perdue is not a party to this case because any judgment reached in her absence would not be binding on her. Klaussner filed its Response in Opposition [Doc. # 14] on December 15, 2004 and Cincinnati filed its Reply [Doc. # 15] on December 30, 2004.

On March 7, 2006, Klaussner filed a "Notice of Settlement of Underlying Case" [Doc. # 20]. In its Notice, Klaussner informed the Court that it had reached a settlement agreement with Ms. Perdue covering "all claims, known and unknown, by Perdue against Klaussner." (Pl.'s Notice ¶ 1.) In addition, Klaussner reported that Ms. Perdue has been paid "all amounts due under the Settlement Agreement and General Release." (Id. at ¶ 2.) Klaussner also noted that Ms. Perdue has released all of her claims against both Klaussner and Cincinnati and has filed a notice of dismissal with prejudice in her lawsuit. (Id. at ¶ 3.) Finally, Klaussner reported that Ms. Perdue has agreed "not to further sue Klaussner and those affiliated with Klaussner, including Cincinnati." (Id.)

After examining the arguments raised in Cincinnati's Motion to Dismiss, the Court finds that, in light of Klaussner's Notice of Settlement of Underlying Case, Ms. Perdue is not a necessary and indispensable party to this case. Ms. Perdue has settled her case against Klaussner, all amounts due to her under their settlement agreement have been paid, and she has released all of her claims against both Klaussner and Cincinnati. Therefore, Ms. Perdue no longer has an

3

interest in the outcome of this case.  In addition, there is no risk that Ms. Perdue will file suit against Cincinnati as Klaussner has paid the amount she is owed under their settlement agreement and she has agreed not to initiate further suit against either Klaussner or Cincinnati.  Thus, Cincinnati no longer faces a substantial risk of inconsistent obligations if Ms. Perdue is not made a party to this case.

II.

For the foregoing reasons, defendant Cincinnati's Motion to Dismiss [Doc. # 6] is DENIED.

This the day of March 13, 2006

___/s/ N. Carlton Tilley, Jr.___<br>United States District Judge